**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

KHALID MOHAMMAD,

       Plaintiff,

v.                                                       CIV No.  14-326 LH/RHS

ALON 7-ELEVEN #717, *et al.*,

       Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING MOTION
TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING CASE**

       **THIS MATTER** comes before the Court on Plaintiff Khalid Mohammad's Application to Proceed in District Court without Prepaying Fees or Costs.  (Doc. 2, filed April 4, 2014).  For the reasons stated below, the Court will **GRANT** the application and **DISMISS** this case **without prejudice.**  *See Buchheit v. Green*, 705 F.3d 1157, 1160-1161 (10th Cir. 2012) (nothing in the statute regarding proceedings *in forma pauperis*, 28 U.S.C. § 1915, indicates that a dismissal must occur before the grant of a motion to proceed *in forma pauperis*).

**The Complaint**

       Plaintiff's Complaint states:

       Plaintiff has a contract with the State of New Mexico Human Resources (HMHR).  NMHR issues Food Stamps to the Plaintiff in the form of credit on [a] monthly basis.  NMHR's contractual agreement with the Plaintiff is that Food Stamp credit cannot be converted to cash or used for purchasing non-edibles. Plaintiff cannot receive any cash benefits from his Food Stamp credit account.

       On March 28, 2014, Plaintiff purchased a Styrofoam cup, a plastic lid, and a straw from [Defendant 7-Eleven #717].  The [cashier] never charged the Plaintiff any sales tax.  [The cashier] accepted Plaintiff's Food Stamps as payment for the sale of the Styrofoam cup, a plastic lid, and a straw.  (See ATTACHMENT; Sale Transaction ID: 1539562).

(Complaint at 15, Doc. 1, filed April 4, 2014).  Plaintiff names ALON 7-Eleven #717 and the chief executive officer, the manager and the cashier of ALON 7-Eleven #717 as defendants.[1]

Plaintiff asserts three causes of action, each of which alleges that the cashier violated Plaintiff's Fourteenth Amendment right "to be free of ALL injuries."  (Complaint at 15, 21-22, 28, 30).  By accepting food stamps as payment and by not collecting sales tax for the cup, lid and straw, the cashier "linked" Plaintiff to the crimes of: (1) food stamp fraud/fraudulent conversion; (2) tortious interference with contract; and (3) tax evasion.  Consequently, "Plaintiff sustained injuries, stigma, and non-reversible harm."  Plaintiff does not make any other factual allegations regarding his alleged injuries.

**Motion to Proceed *in forma pauperis***

Plaintiff filed his Application to Proceed in District Court Without Prepaying Fees or Costs on April 4, 2014.   (Doc. 2).   The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma
> pauperis, it should examine the papers and determine if the requirements of
> [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted.

---

[1] In addition to the 7-Eleven defendants, Plaintiff names the following as defendants in this case: (1) the United States, the Department of Justice, the Internal Revenue Service, the Office of Inspector General, and certain individuals associated with the various United States governmental units; (2) the State of New Mexico, the Governor, the Attorney General, the New Mexico Taxation and Revenue Department, the New Mexico Human Services Department, and certain individuals associated with the State and the State's departments; (3) the County of Bernalillo and the County Manager;  and (4) the City of Albuquerque and its Mayor and Inspector General.  The Complaint states that all defendants are "sued via the doctrine of respondeat superior" and "sued under the color of state law."  Except for the cashier, the only factual allegations regarding the defendants are that they "[failed to supervise, train, properly monitor, and implement remedies for injury causing acts by [another defendant]."

> Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962).

The Court will grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit in support of his application in which he declares that he is unable to pay the costs of these proceedings and declares under penalty of perjury that the information regarding his income is true. Plaintiff states that he is homeless, that his total monthly income is $189.00 from public assistance, and that he has no assets.

**Dismissal of Case for Lack of Jurisdiction**

The Court will dismiss this case because it lacks jurisdiction to consider Plaintiff's claims. "Article III of the Constitution grants federal courts jurisdiction only over 'cases' and 'controversies.'" *Habecker v. Town of Estes Park, Colo.*, 518 F.3d 1217, 1223 (10th Cir. 2008). Standing is a component of the case-or-controversy requirement. To demonstrate Article III standing:

> First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of . . . Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992). "These three elements—injury, causation, and redressability—must exist before federal courts will exercise jurisdiction." *Schutz v. Thorne*, 425 F.3d 1128, 1133 (10th Cir. 2005).

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction:

> Since they are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each [standing] element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.,* with the manner and degree of evidence required at the successive stages of the litigation. At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we "presum[e] that general allegations embrace those specific facts that are necessary to support the claim."

*Lujan v. Defenders of Wildlife*, 504 U.S. at 561 (citations omitted).  However, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based . . . [and] in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff has not alleged any facts showing that he suffered an injury in fact and, therefore has not demonstrated standing.  Plaintiff's conclusory allegation that he "sustained injuries, stigma, and non-reversible harm" is not supported by any factual contentions.  The only factual allegation that Plaintiff makes is that the cashier "linked" Plaintiff to various alleged crimes by accepting Plaintiff's food stamps as payment and by not collecting sales tax for the cup, lid and straw.  That factual allegation does not suggest that Plaintiff suffered an actual or imminent, concrete invasion of a legally protected interest.  Because Plaintiff has not alleged sufficient facts to demonstrate Article III standing, the Court concludes that it lacks jurisdiction to consider Plaintiff's claims.

**IT IS THEREFORE ORDERED** that Plaintiff Khalid Mohammad's Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 2, filed April 4, 2014) is **GRANTED.**

**IT IS ALSO ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE.**

**SENIOR UNITED STATES DISTRICT JUDGE**